UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN N. SHELTON, | : | CIVIL ACTION NO. 3:CV-13-0404 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | **FILED** |
| | : | SCRANTON |
| S.E. THOMAS, | : | APR 1 5 2013 |
| | : | |
| Respondent | : | PER _____ DEPUTY CLERK |

FILED
SCRANTON

APR 1 5 2013

PER _____
DEPUTY CLERK

### MEMORANDUM

Petitioner, Norman N. Shelton, an inmate currently confined in the United States
Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). He challenges "the excessive duration of
his confinement" in the Special Management Unit ("SMU") at USP-Lewisburg. Id. As relief, he
seeks a Court order directing the BOP to transfer him to general population. Id. Additionally,
Petitioner seeks compensatory damages "for everyday over 36 months Petitioner was forced to
endure." Id.

### Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary
Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the
United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions
through Rule 1(b)). See Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D. Pa. 1979). Rule 4
provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that
the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and
direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer

"when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.), <u>cert. denied</u>, 400 U.S. 906 (1970). The <u>Allen</u> court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." <u>Id</u>.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenges to his continued placement in the SMU are not challenges to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner complains that his placement and continued confinement in the SMU at USP–Lewisburg violates his constitutional rights. This placement, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241, but rather could be pursued through the filing of a <u>Bivens</u>[1] action. <u>See</u> <u>Bedenfield v. Lewisburg</u>, 2010 WL 3511507, *1 (3d Cir. 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we

---

1. <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

have indicated should be challenged in a civil rights action, not via a habeas petition"); <u>Green v. Bledsoe</u>, 2010 WL 1372409, *2 (M.D. Pa. 2010) (dismissing the petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); <u>Woodruff v. Williamson</u>, 2009 WL 703200, *5 (M.D. Pa. 2009) (same).  Accordingly, the claims in the instant petition are not appropriate under a § 2241 petition and will be dismissed.

A separate Order will be issued.


Dated: April 15, 2013

<u>United States District Judge</u>